

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

NO. WR-70,963-02

EX PARTE JUAN RAMON MEZA SEGUNDO, Applicant

ON APPLICATION FOR WRIT OF HABEAS CORPUS
IN CAUSE NO. C-3-W011370-0974988-B
IN CRIMINAL DISTRICT COURT NUMBER THREE
TARRANT COUNTY

*Per curiam.* NEWELL, J., filed a concurring opinion in which HERVEY and KEEL, JJ., joined. KELLER, P.J., filed a dissenting opinion. YEARY, J., filed a dissenting opinion. SLAUGHTER, J., dissented.

## O P I N I O N

We have before us a postconviction application for a writ of habeas corpus filed pursuant to Texas Code of Criminal Procedure Article 11.071, Section 5.[1]

In December 2006, a jury convicted Applicant of capital murder for murdering a person in the course of committing or attempting to commit aggravated sexual assault or burglary of a habitation. TEX. PENAL CODE § 19.03(a)(2). The jury answered the special

---

[1] Unless otherwise indicated, all references to Articles are to the Texas Code of Criminal Procedure.

issues submitted pursuant to Texas Code of Criminal Procedure Article 37.0711 and the trial court, accordingly, set punishment at death. This Court affirmed Applicant's conviction and sentence on direct appeal. *Segundo v. State*, 270 S.W.3d 79 (Tex. Crim. App. 2008).

On October 17, 2008, Applicant timely filed in the habeas court his initial postconviction application for a writ of habeas corpus. Applicant raised thirteen claims, including a claim that he is intellectually disabled and thus exempt from execution. *See Atkins v. Virginia*, 536 U.S. 304 (2002). This Court denied relief on all of Applicant's claims, including his claim of intellectual disability. *Ex parte Segundo*, No. WR-70,963-01 (Tex. Crim. App. Dec. 8, 2010) (not designated for publication).

On September 25, 2018, Applicant filed in the habeas court his first subsequent habeas application. Invoking the United States Supreme Court's decision in *Moore v. Texas*, 137 S. Ct. 1039, 1044 (2017), as a previously unavailable legal basis, Applicant argued that his prior claim of intellectual disability had been analyzed under an unconstitutional standard. He sought another opportunity to show that, under current clinical diagnostic standards, he is a person with intellectual disability. This Court determined that, in light of the *Moore* decision and the facts presented in Applicant's subsequent habeas application, the application satisfied the requirements of Article 11.071, Section 5. We remanded the application to the habeas court for resolution of the

intellectual disability issue. *Ex parte Segundo*, No. WR-70,963-02 (Tex. Crim. App. Oct. 31, 2018) (not designated for publication).

On July 7, 2021, the habeas court signed findings of fact and conclusions of law, in which the habeas court concluded that Applicant had "met his burden to prove by a preponderance of the evidence that he satisfied the medical criteria for a diagnosis of intellectual disability." Having reviewed the record in this case, we agree with the habeas court that Applicant has met his burden to establish by a preponderance of the evidence that he is a person with intellectual disability. We adopt the habeas court's findings of fact and conclusions of law.

Relief is granted. *Atkins*, 536 U.S. at 321. Applicant's death sentence is reformed to a sentence of life imprisonment.[2]

Delivered: May 25, 2022

Publish

---

[2] At the time of Applicant's offense, in August 1986, other than death, the only alternative punishment for capital murder was life imprisonment with the possibility of parole. Life imprisonment without the possibility of parole as a possible sentence for capital murder did not exist until September 1, 2005, and it did not apply to offenses alleged to have been committed before that date. Acts 2005, 79th Leg., ch. 787, §§ 1, 17–18, eff. Sept. 1, 2005.